No. 361.—Mrs. H. HARRISON v. SUCCESSION OF JOHN ADGER.

The act of Congress of June 11, 1864, suspending the prescription of actions in the insurrectionary States has no retrospective effect, and only suspends the prescription of such actions from the date of its passage during the time the defendant was beyond the reach of legal process. In this case it is shown that legal process could have been had against the defendant from and after the month of August, 1865.

Held—That the plaintiff could, under this law of Congress, only claim a suspension of prescription from the eleventh day of June, 1864, until the month of August, 1865, which time, when deducted from the time which intervened from the maturity of the obligation to the bringing of the suit, was sufficient to defeat the plea of prescription.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Watkins, J. Egan, Williamson & Wise*, for plaintiff and appellant. *Griffin & Snider*, for defendants.

HOWELL, J. This is a suit on three promissory notes and a sum of money alleged to have been collected by the deceased as agent of plaintiff and not accounted for. The defense is a general denial, and the plea of prescription of five and ten years.

The notes on their face are prescribed, but plaintiff's counsel contend that "the time during which the war continued must be deducted from the estimate," and invoke the act of Congress of June 11, 1864, relative to the limitation of actions (13 Stat. at Large, 123), Stewart v. Kahn, 11 Wal. 493 and Auchincloss v. Frois, 24 An. 31, to support their position.

Upon the application of this act of Congress we must say that, under ts language it can not have retroactive effect, and provides only that

the time, during which the person sued shall be beyond the reach of legal process by the operations of the war, shall not be deemed or taken as any part of the time limited by law for the commencement of the action. This law went into operation on the eleventh of June, 1864, and the courts in Bossier parish were accessible to plaintiff as early as July or August, 1865, showing a suspension of only thirteen or fourteen months, not sufficient to prevent the prescription of either of the notes herein. In the case of Stewart *v.* Kahn the United States Supreme Court held that the act of Congress was simply the recognition of the maxim, *contra non valentem.* This court has held that this maxim has no place in our laws on prescription, and as the act of Congress has no retroactive effect, we can under our jurisprudence give it force only from its date, and apply its benefits for the time during which no legal process could reach the debtor after that date.

The claim for money collected is prescriptible in ten years, and the time not having expired when this suit was instituted prescription is not acquired. The defense as to Confederate money, urged in the brief, is not sustained by the evidence.

It is therefore ordered that the judgment appealed from sustaining the prescription of the demand in the petition of reconvention be reversed, and that plaintiff recover of the succession of John Adger, the sum of four thousand nine hundred and forty-six dollars and forty-one cents, with legal interest, from the twenty-eighth of October, 1862, and costs in both courts, to be paid in due course of administration.

Rehearing refused.